### STATE ex THORMYER, Plaintiff-Appellant, v. FERGUSON, Aud., Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4388. Decided February 6, 1950.

Fred L. Orum, Columbus, for plaintiff-appellant.

Hon. Herbert S. Duffy, Atty. Genl., Robert A. O'Neil, Asst. Atty. Genl., Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is an appeal on law from the judgment of the Common Pleas Court, Franklin County, Ohio, refusing a writ of mandamus requested by the plaintiff-appellant.

This action is brought by George J. Thormyer, relator, on his own behalf and on behalf of others similarly situated to compel Joseph T. Ferguson, Auditor of the State of Ohio, to issue warrants on the Treasurer of the State of Ohio in payment of certain supplemental payrolls of the Department of Highways for the years 1945, 1946, 1947 and 1948. The respondent in his answer admits substantially all of the allegations set forth in the petition of the relator.

The essential facts which were agreed to and stipulated by the parties in substance are as follows: The relator was, during the years 1945, 1946, 1947 and 1948 and still is an employee of the Department of Highways of the State of Ohio; that the Department of Highways prepared supplemental payrolls containing the name of relator, which payrolls were duly signed and approved by the Director of Highways; that said payrolls were filed with the Civil Service Commission of Ohio and that such payrolls were duly certified by said Commission; that said payrolls were transmitted by the Civil Service Commission to the Director of Finance for the State of Ohio, who charged said supplemental payrolls against encumbered balances for the years 1945, 1946, 1947 and 1948; that the Director of Finance transmitted said supplemental payrolls to the respondent herein, accompanied by proper vouchers for payment; that the defendant refused to honor such vouchers and to draw the necessary warrant on the State Treasury to pay said supplemental payrolls. On June 30, 1944, the relator received a base salary of $3,600.00; that between June 30, 1944 and December 31, 1944 he received a merit raise of $200.00, which increase was approved by the Civil Service Commission of Ohio. The relator received a $180.00 increase as provided by House Bill No. 227, which was the general appropriation act for the biennium beginning January 1, 1943 and ending December 31, 1944, and that under House Bill No. 484, which is the general appropriation act for the biennium beginning January 1, 1945 and ending December 31, 1946, he received an increase of $360.00 (10% of base) and $360.00 for prior service (five years at 2% per annum). It is agreed that the total of these increases is $1,100.00, and that the relator has received only $900.00 per year of these increases, leaving a claimed deficiency of $200.00 per year.

The principal question for the court to determine is whether

the $900.00 limitation on salary increases in House Bill No. 484 is applicable to merit increases as well as legislative increases. The relator contends that the $900.00 limitation on salary increases in House Bill No. 484 applies only to legislative increases. The respondent contends that the limitation is applicable to all increases.

In order to determine the legislative intent it will be helpful to consider the language used in Amended Senate Bill No. 1 of the 96th General Assembly, which provided for partial appropriations for the period beginning January 1, 1945 and ending June 30, 1945, which was passed January 3, 1945. The pertinent part of Amended Senate Bill No. 1 is as follows:

"(a) All state employees in the service of the state on the effective date of this act shall continue to receive during the period this act is operative, the increase in salary or wage granted to or received by them in accordance with the salary and wage adjustment provisions of House Bill 227 of the 95th General Assembly. * * *

(b) In addition to the above there is herein provided a ten per cent (10%) increase on the base salary of all state employees not herein specifically excluded, plus two per cent (2%) of such base salary for each full calendar year such state employee has been in the state service prior to the effective date of this act, or shall be subsequent thereto, not to exceed five (5) years (not to exceed a maximum of ten per cent). * * *

Provided, however, that in no event shall the aggregate amount of the increases prescribed herein exceed the sum of Nine Hundred Dollars ($900.00) per annum in the case of any one employee and, provided further that any employee who, between June 30, 1944, and December 31, 1944, received an increase in the annual salary he was receiving on the former date exclusive of any increase he may have then been receiving by reason of the salary and wage adjustment provisions of House Bill No. 227 of the 95th General Assembly, shall receive only the difference resulting when the amount by which his such salary was so increased is subtracted from the aggregate amount of the increases prescribed herein applicable to his case, all of which increases shall in no event exceed Nine Hundred Dollars ($900.00) per annum.

The above limitation shall not in any event result in a reduction of the salary or wage received by any employee on the effective date of this act nor shall it prohibit any promotions in positions or increases in salaries or wages, exclusive of the increases prescribed herein, after this act becomes effective."

Under the provisions of this bill the salary increase given in House Bill No. 227 was extended for the period covered by the Act, and additional increases were granted under the first paragraph of Subdivision (b) of the Act. However, under the proviso in the second paragraph, Subdivision (b), there was a $900.00 limitation placed on the increases and it further provided that if a merit increase had been given the employee between June 30, 1944 and December 31, 1944 he was entitled to receive as a legislative increase the difference between the merit increase and the aggregate amount of the legislative increases, but all of such increases could not exceed $900.00 per annum. The effect of the last $900.00 limitation in the proviso was to permit the employee to retain a merit increase with the privilege of receiving additional legislative increases granted under the act so long as the merit increase and the legislative increases did not exceed $900.00 per annum. It is obvious that the words "all of such increases shall in no event exceed Nine Hundred Dollars ($900.00) per annum" were applicable to merit increases as well as legislative increases. The effect of the proviso was not to deprive the employee of a merit raise but to reduce the amount of the legislative increases to the extent of the merit raise. The provision in the last paragraph of Amended Senate Bill No. 1 above quoted, which provides that the limitation shall not result in a reduction of salary, supports this interpretation.

Subsequently the 96th General Assembly, on June 28, 1945, passed House Bill No. 484, which was the General Appropriation Act for the biennium beginning January 1, 1945 and ending December 31, 1946. House Bill No. 484 granted the same legislative increases for the biennium as were granted in Amended Senate Bill No. 1 under Subdivisions (a) and (b). House Bill No. 484 also contained the same proviso as in Amended Senate Bill No. 1, with the exception of a change respecting a deduction in the event the employee had received a merit raise. The proviso in House Bill No. 484 is as follows, with the new matter emphasized:

"Provided, however, that in no event shall the aggregate amount of the increases prescribed herein exceed the sum of Nine Hundred Dollars ($900.00) per annum in the case of any one employee, and, provided further that any employee who, between June 30, 1944, and December 31, 1944, received **an increase in excess of Two Hundred Forty Dollars ($240.00)** in the annual salary he was receiving on the former date exclusive of any increase he may have been receiving by reason of the salary and wage adjustment provisions of House

Bill No. 227 of the 95th General Assembly, shall receive only the difference resulting when the amount by which his such salary was so increased **in excess of Two Hundred Forty Dollars ($240.00)** is subtracted from the aggregate amount of the increases prescribed herein applicable to his case, all of which increases shall in no event exceed Nine Hundred Dollars ($900.00) per annum."

The proviso retains the provision limiting legislative increases to $900.00 per annum. It further provides that instead of the entire amount of the merit raise being deducted from the legislative increases, as was provided in Amended Senate Bill No. 1, only the excess over $240.00 of the merit raise is thus deducted. It allows the employee to receive $240.00 more as a legislative increase than was permitted under the provisions of Amended Senate Bill No. 1. The effect of this limitation is to permit the employee to receive the merit increase and receive a legislative increase under the Act, so long as all the increases do not exceed $900.00 per annum. If the merit increase is less than $240.00 the employee would be entitled to receive the merit increase and the entire legislative increase, so long as all such increases do not exceed $900.00 per annum. The words "all of which increases shall in no event exceed Nine Hundred Dollars ($900.00) per annum" are applicable to a merit increase as well as legislative increases. This limitation in House Bill No. 484 carries with it the same meaning and should be given the same interpretation as in Amended Senate Bill No. 1. We find no different legislative intent which would require a different interpretation. This overall $900.00 limitation on all increases is intended to equalize the salaries of various employees. In House Bill No. 484 the intention of the Legislature is reflected in the phraseology used in the two $900.00 limitation provisions in the proviso. In the first provision the $900.00 limitation expressly and definitely applies only to increases "prescribed herein," meaning legislative increases. In the second $900.00 limitation provision the words "prescribed herein" are omitted. The Legislature must have had a reason for such omission. This omission discloses an intention of the Legislature to give the second $900.00 limitation a different application.

The relator received a merit raise of $200.00 and was granted legislative increases which amounted to $900.00, making an overall increase of $1,100.00. However, since the Legislature placed a $900.00 maximum on all increases, legislative as well as merit increases, he was entitled to receive increases to the extent of $900.00 per annum and no more. Under the

facts stated he has received all that he was entitled to under the law.

Finding no error in the record prejudicial to the rights of the relator the judgment of the trial court is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.